**Howard W. JOPLIN, Plaintiff–Appellant,**

v.

**Grover Franklin BIAS and D. Carrington, Defendants–Appellees.**

No. 80–1737

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 4, 1980.

---

**1236**

Howard W. Joplin, pro se.

Paul W. Leech, Grand Prairie, Tex., for D. Carrington.

Jerry C. Alexander, Passman, Jones, Andrews, Holley & Co., Dallas, Tex., for Grover Franklin Bias.

Before BROWN, POLITZ and TATE, Circuit Judges.

---

1. Deed Description: Lot 15, Block 4 of International Estates Edition, Grand Prairie, Texas.

2. Rio Grande National Life Ins. Co. held a first lien against the Property. A default by Joplin

JOHN R. BROWN, Circuit Judge:

The District Court in granting summary judgment for Defendant Bias, upheld his entitlement to contested property based upon the five and ten year limitation statutes. We find no impropriety in the District Court's allowance of an amended answer alleging the limitations defense or in its summary judgment ruling founded solely on supporting affidavits. We affirm the District Court's finding of competent summary judgment proof and the availability and proper implementation of summary judgment procedure.

This diversity action was initiated on January 6, 1977, by Howard Joplin of Oklahoma against Grover Franklin Bias and Dwight Carrington of Grand Prairie, Texas, in which Joplin asserted superior right to, title, possession and interest in certain real property (Property) located in Grand Prairie.[1] In the alternative, Joplin sought $50,000 compensation from Bias and Carrington for the value of the Property. The original answer to the complaint established that Carrington claimed no interest whatsoever in the Property and that Bias was the true owner with good and marketable title. Conveyances in the record confirm that the Property was deeded to Bias from Rio Grande National Life Insurance Company on January 6, 1965.[2] The following month Bias and his family established their home on the Property and have continued to reside there. Neither Bias' ownership nor possession of the Property has ever been challenged prior to the filing of the present suit in 1977.

*Contested Issues*

The issues in this case are not novel. Joplin challenges the granting of summary judgment, F.R.Civ.P. 56, on grounds that the Trial Court: (i) abused its discretion in allowing the filing of an amended answer by Bias which raised the limitations statutes as a defense and (ii) committed error in

caused the trustee of Rio Grande to sell the property to T.S.I., Inc. who in turn deeded it to Bias.

granting summary judgment based solely on "affidavits" by Bias.

■ Joplin attempts to argue that Bias' amended answer which was filed with leave and by order of the Court on July 18, 1979, was in the nature of a motion to dismiss and should have been denied as untimely. This argument is legally unsound and totally ignores the liberal amendment practices of Federal Court. Broad discretion is granted the Trial Court under F.R.Civ.P. 15(a) which allows trial amendments freely when "justice so requires." *E. g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Dunn v. Koehring Co.*, 546 F.2d 1193 (5th Cir. 1977); *Freeman v. Continental Gin Co.*, 381 F.2d 459 (5th Cir. 1967). Such discretion is allowed in order to allege a F.R.Civ.P. 12(b) defense or plead an affirmative defense under F.R.Civ.P. 8(c)[3] as in the present case. Wright & Miller, Federal Practice and Procedure, § 1492 (1st ed. 1973). We affirm the Judge's decision to allow the filing of Bias' amended answer which raised the limitation statutes as a defense since no abuse of discretion was found. *Nevels v. Ford Motor Co.*, 439 F.2d 251 (5th Cir. 1971).

Both parties filed motions for summary judgment. Cross–motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed. *See* 6 Moore's Fed-eral Practice § 56.13, p. 2247 (2d ed. 1974); *Volunteer State Life Insurance Co. v. Henson*, 234 F.2d 535 (5th Cir. 1956).

■ Generally, when the District Court is deciding whether to grant a motion for summary judgment it views evidence in the light most favorable to the party resisting the motion. *BAW Manuf. Co. v. Slaks Fifth Ave. Ltd.*, 547 F.2d 928, 930 (5th Cir. 1977). Our standard of review is the same. *Northwest Power Products, Inc. v. Omark Indus., Inc.*, 576 F.2d 83, *rehearing denied*, 579 F.2d 643 (5th Cir. 1978), *cert. den.* 439 U.S. 1116, 99 S.Ct. 1021, 59 L.Ed.2d 75 (1979). Summary judgment is proper when the movant has established his position with such clarity that the opposing party cannot recover or establish a defense. In ruling on Joplin's motion, the Court found that he had failed to comply with F.R.Civ.P. 56[4] requirements for he merely raised unsupported allegations and conclusions in his own motion and failed to provide controverting affidavits in response to Bias' motion. Thus, the District Court was correct in denying Joplin's motion. He failed to file supporting affidavits and meet his burden of affirmatively demonstrating that no genuine factual issue existed. *See, e. g., Gossett v. Du–Ra–Kel Corp.*, 569 F.2d 869 (5th Cir. 1978); *Cleckner v. Republic Van & Storage Co.*, 556 F.2d 766 (5th Cir. 1977); *Sweet v. Childs*, 507 F.2d 675 (5th Cir. 1975).

3. **(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

4. **(c) Affirmative Defenses.** In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

In granting Bias' motion for summary judgment, the Court found that Bias' accompanying affidavits demonstrated that there was no genuine controversy that the facts supported the defense that Joplin's claim was barred by the five and ten year statute of limitations applicable to actions for land embodied in Tex.Rev.Civ.Stat.Ann. art. 5509, 5510 (Vernon). Joplin attempts to assign error to this determination by urging that the plea of limitations is an issue of fact which cannot be determined by affidavit. This argument is patently erroneous. It is elementary that affidavits in support of motions for summary judgment may be considered only in determining whether or not a genuine fact controversy is presented.

Bias' affidavit eliminated all genuine issues of material fact as to whether or not the applicable limitation statutes had run against Joplin. Summary judgment was correct.

AFFIRMED.