427 So.2d 1152 (1983)
INDUSTRIAL SAND AND ABRASIVES, INC.
v.
LOUISVILLE AND NASHVILLE RAILROAD COMPANY, et al.
No. 82-C-1695.
Supreme Court of Louisiana.
February 23, 1983.
Rehearing Denied March 25, 1983.
Harry McCall, Jr., Andrew Rinker, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for relator.
Walton J. Barnes, Baton Rouge, for respondent.
BLANCHE, Justice.
In this case, we are asked to determine whether the trial court erred in refusing to grant the defendant's motion for summary judgment. Our original purpose in granting writs was to determine whether a hearsay affidavit filed by the plaintiff in opposition to the motion was sufficient to establish the existence of a genuine issue of material fact such that it would defeat the motion for summary judgment. The affidavit was not based on the personal knowledge of the affiant and was based entirely on hearsay which would not be admissible at a trial on the merits. We do not reach that issue because we have determined that the pleadings and affidavit of the defendant fail to show that there exists no genuine issue of material fact and that the defendant is entitled to summary judgment as a matter of law.
The uncontroverted facts show that this case arose out of the following set of circumstances: On May 30, 1978, a train owned by the Louisville and Nashville Railroad Company (L & N) and operated by its employee, P.S. Dovie, was proceeding eastward toward the Paris Road crossing in Orleans Parish, Louisiana. The time was approximately 3:30 p.m. and the weather was clear. On this part of the line, the track is straight and level, and there are no visual impediments from the Paris Road intersection to any approaching trains.
As the train approached the crossing, its speed was approximately 30 miles per hour, normal for trains on this part of the line. Dovie sounded the horn approximately 1/4 mile from the crossing, and the engine bell was ringing continuously. The locomotive *1153 headlight and revolving light were operating as well. As the train neared the crossing, a tractor-trailer rig owned by Industrial and operated by William Hano entered the intersection from the right and was forced by traffic ahead to come to a stop straddling the tracks. Dovie immediately tried to brake the train but could not stop. The engine struck the trailer portion of the rig.
About one year later, Industrial filed this lawsuit to recover the damages sustained to its tractor-trailer, alleging the negligence of L & N in the operation of its train and the state in operation of the crossing. However, despite the diligent efforts of all parties, no one has been able to contact the driver of the truck, William Hano, in order to secure his deposition or attendance at trial. Finally, after a lapse of more than two years, L & N moved for summary judgment on the uncontroverted affidavit of P.S. Dovie.
In opposition to the motion, Industrial submitted the affidavit of Leon Fontenot, President of Industrial Sand and Abrasives, Inc., in order to establish the existence of a genuine issue of material fact. However, the affidavit on its face recited that it was based entirely on hearsay, and on August 3, 1981, the trial court granted summary judgment in favor of L & N, absolving the railroad of any liability for the accident. However, the trial court subsequently granted Industrial's motion for a new trial. L & N again moved for summary judgment, but the motion was denied without written reasons. The court of appeal denied writs, reasoning that even though the affidavit was not based upon the personal knowledge of the affiant, it was nevertheless sufficiently supportive of the existence of a genuine issue of material fact. We granted writs to examine the propriety of these rulings.
We affirm, but for reasons different from those assigned by the court of appeal. In our opinion, L & N has failed to satisfy the threshold requirement of La.C.C.P. art. 966 which requires that the moving party clearly show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.
The sole purpose for the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. Miller v. East Ascension Tel. Co., 263 So.2d 360 (La. App. 1st Cir.), writs denied, 262 La. 1121, 266 So.2d 430 (1972); cf. Albatross Shipping Corp. v. Stewart, 326 F.2d 208 (5th Cir. 1964); see also Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Comment, Development of Jurisprudence in Louisiana Relative to Summary Judgment Since 1960, 12 Loyola L.Rev. 128 (1965-66). The summary judgment procedure in Louisiana is set out in La.C.C.P. art. 966 et seq. These provisions are based upon the Federal Rules of Civil Procedure and even though there has developed a substantial body of jurisprudence in the courts of this state regarding the motion for summary judgment, the prior jurisprudence of the federal courts pertaining to the proper use of this device remains helpful and persuasive. Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3rd Cir.), writs denied, 249 La. 724, 190 So.2d 236 (1966).
La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law." Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed.Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.), writs denied, 403 So.2d 68 (La.1982); cf. Erco Industries, Ltd. v. Seaboard Coast *1154 Line Railroad Co., 644 F.2d 424 (5th Cir. 1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir.1980).
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); cf. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
In keeping with these standards, our review of the record reveals that L & N's affidavit in support of the motion for summary judgment gives rise, on its face, to the existence of a genuine issue of material fact. The affidavit of P.S. Dovie stated, in addition to the general details of the accident, as follows:
* * * * * *
"6. On the date of the accident, 30 May 1978, as well as before and since, the crossing was protected by gates, which were designed to lower automatically on the approach of a train, flasher signals, the lights which were designed to flash intermittently upon the approach of a train, and a bell which was designed to commence ringing upon the approach of a train; in my position as engineer, I was able to and did observe that, as the train neared the crossing, the gates came down, the flasher signal was illuminated and the crossing bell was ringing.
7. When the front of the locomotive was about to enter the intersection, I saw a tractor-trailer come from Paris Road on my right and proceed over the crossing without stopping, or even slowing; this was my first sight of the tractor-trailer and I immediately applied the engine and train brakes in full emergency, but was unable to complete doing so until after the engine had struct the trailer, following which the train continued a distance of about ten boxcar lengths before coming to a complete stop.
8. A policeman came to the crossing shortly after, and in response to his questions, the driver of the truck asserted that he was unaware of the existence of the crossing (although the letters "RR" and a cross were painted on the highway approximately 145 feet in advance of the track).
9. At the request of the investigating police officer, I backed the train over the crossing and went through the crossing in the same direction in which we have been proceeding when the accident occurred to demonstrate the operation of the signals, at which time they again worked in the same manner as they had prior to and at the time of the accident."
* * * * * *
In the affidavit, Dovie asserted that the crossing was guarded by gates which were designed to close automatically when the train approached the intersection. He further asserted in no uncertain terms that he had seen the gates come down: "... I was able to and did observe that ... the gates came down ...." Dovie next stated that the tractor-trailer came from Paris Road on the right "without stopping, or even slowing." Finally, Dovie related how he had demonstrated to police that the gates and signals were operating properly by backing up the train and proceeding through the intersection again, "at which time they [the signals] worked in the same manner as they had prior to and at the time of the accident."
A common-sense interpretation of these facts leads one to the inescapable conclusion that the accident simply could not have happened as related by Dovie. If the gates had indeed come down as the train approached the intersection and if the truck had indeed come from Paris Road on the right "without stopping, or even slowing," then the gates would have had to have been broken off by the truck as it passed through the intersection. By Dovie's own admission, the crossing was "protected" by the *1155 gates, meaning that they were designed to block traffic from entering the intersection when they were in the down position. Thus, the gates could not have operated "in the same manner as they had prior to and at the time of the accident" when they were subsequently demonstrated to police if the accident had occurred as it had been described by Dovie.
A more reasonable interpretation is that the gates did not come down as asserted by Dovie. Industrial's petition alleged that the tractor-trailer was proceeding across the intersection when traffic stopped suddenly in front of the truck, causing the vehicle to become trapped straddling the track where it was struck by the approaching train. Dovie acknowledged in his affidavit that "the driver of the truck asserted [immediately after the accident] that he [had been] unaware of the crossing." These assertions provide a basis in fact for Industrial's claim that the gates were not working at the time of the accident.
If we give the petition of Industrial the indulgent treatment we spoke of in Vermilion Corp. v. Vaughn, supra, and scrutinize closely the pleadings and affidavit of L & N, we must conclude that L & N has failed to meet the strict standard of showing that there exists no genuine issue of material fact. L & N has not clearly established that it was free of fault in the accident, thus they are not entitled to judgment as a matter of law.
Therefore, resolving all reasonable doubts as to the existence of a genuine issue of material fact against the mover, L & N, and in favor of trial on the merits, we conclude that the trial court did not abuse its discretion in denying the motion for summary judgment. Thornhill v. Black, Sivalls and Bryson, supra.

DECREE
For the foregoing reasons, the judgment of the trial court denying the motion for summary judgment is affirmed, and the case is remanded to the trial court for further proceedings in accordance with the law.
AFFIRMED.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent. There is no dispute as to a material fact. Whether the electric semaphore and the crossing gates were working at the time of the accident is not in dispute; whether they were working after the accident is not material.