CIACCIO, Judge.
Plaintiff appeals from a judgment of the district court which granted summary judgment in favor of defendant Chandler Machine Sales Company. We reverse that judgment and remand this matter for further proceedings.
At the time of this incident, January 24, 1973, Luz Sosa was employed by Wembly Industries, Inc., of New Orleans, as a machine tacker. At the time of the accident she was operating a tacking machine which was allegedly manufactured by Chandler Machine Company and sold by Chandler Machine Sales Company. Ms. Sosa sustained injuries to the fingers of her right hand when they became enmeshed in the automatic tacking machine. The machine which allegedly caused the injuries was identified by plaintiff’s employer as a Chandler tacking machine, Class 600250, Serial No. 31552. Plaintiff sued Chandler Machine Company as the manufacturer of a defective product. She amended her petition to also include as a defendant, Chandler Machine Sales Company, Inc. (hereafter referred to as Chandler Sales). Sosa alleges that Chandler Sales is liable as the manufacturer and/or seller of the tacking machine and tacking machine stand, in that *710 the product was not equipped with a safety guard or device.
Chandler Sales filed a motion for summary judgment. It’s first motion for summary judgment was denied, however it was successful in its second attempt to secure summary judgment.
The sole issue on appeal is whether the trial court erred when it granted the motion for summary judgment filed by Chandler Sales.
The Louisiana Supreme Court, in a recent decision, discussed the issue of summary judgment. In the case of Industrial Sand and Abrasive, Inc. v. Louisville and Nashville Railroad Company, et al., 427 So.2d 1152 at 1154-1155 (1983) that Court stated:
The sole purpose for the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. Miller v. East Ascension Tel. Co., 263 So.2d 360 (La.App. 1st Cir.), writs denied, 262 La. 1121, 266 So.2d 430 (1972); cf. Albatross Shipping Corp. v. Stewart, 326 F.2d 208 (5th Cir.1964); see also Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Comment, Development of Jurisprudence in Louisiana Ralative to Summary Judgment since 1960, 12 Loyola L.Rev. 128 (1965-66). The summary judgment procedure in Louisiana is set out in La.C.C.P. art. 966 et seq...
La.C.C.P. art 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor “if the pleadings, depositions, answers to interrogatories, and admissions of fact, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law.” Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed.Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.), writs denied, 403 So.2d 68 (La.1982); cf. Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co., 644 F.2d 424 (5th Cir.1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir.1980).
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); cf. Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
Our examination of the record indicates that the trial court erred in granting the motion for summary judgment filed by Chandler Sales.
In support of its motion for summary judgment, this defendant filed an affidavit by Robert F. Maxant, a manager of this company, wherein he stated that his companies’ records indicated that the machine which was identified by the plaintiff as causing her injuries (i.e., “Class No. 600250, Serial No. 31552”), was shipped two months after the plaintiff’s accident. Additionally, the affiant states that the head of the machine and the table were purchased by this defendant and shipped together without alteration directly to Wembly Industries Inc.
The parties agree that the machine, erroneously identified by plaintiff’s employer, as Class No. 600250, Serial No. 31552, was not the machine which caused Sosa’s injuries. The plaintiff does allege that she was injured by a Chandler tacking machine which was sold and delivered by Chandler Machine Sales Co. to Wembley prior to the date of this accident. The affidavit of *711 Chandler Sales does not negate this material issue of fact.
A factual dispute exists as to whether prior to January 24, 1973, Chandler Sales sold and delivered a Chandler tacking machine to Wembly, which machine caused the plaintiffs injuries. Since the mover has failed to bear its burden of showing that no genuine issue of material fact exists, the trial judge erred in granting the summary judgment.
Accordingly, for the reasons assigned the judgment of the district court is reversed and the case is remanded to the district court for proceeding consistent herewith. Costs are assessed against the appellee.
REVERSED AND REMANDED.