464 So.2d 917 (1985)
Dr. J. Carlos PISARELLO, M.D.
v.
ADMINISTRATOR'S SERVICE CORP., et al.
No. CA-2415.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
Writ Denied April 1, 1985.
Byron J. Casey, III, New Orleans, for plaintiff-appellant, Dr. J. Carlos Pisarello.
Harry A. Rosenberg, Fred D. Bentley, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for defendants-appellees, Administrator's Service Corp., et al.
Before GULOTTA, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
Summary judgment was granted in favor of the defendant collection agency and its insurer, dismissing the plaintiff's suit with prejudice. Plaintiff appeals the judgment of the district court and we affirm.
Dr. J. Carlos Pisarello filed suit against Administrator's Service Corporation and its insurer, Continental Casualty Company to recover $73,806.50, which sum, represented the total amount of delinquent accounts which the defendant allegedly failed to collect on behalf of the plaintiff before the accounts prescribed.
According to the plaintiff's petition, "the defendant failed to collect the debts"; "failed to report to the petitioner ... either that the debts were not collectible, or that the debtors had moved"; and, "permitted every debt ... to prescribe". The defendants answered denying the allegations of negligence and breach of contract and asserting the affirmative defense of contributory negligence.
Defendants filed a motion for summary judgment alleging that no genuine issue of material fact existed. In support of the motion, an affidavit was filed. The affidavit was executed by Harold Locke, the Vice President of the defendant collection agency, whose duties involved the management and operation of all phases of the collection agency. In his affidavit, Mr. Locke set forth the defendant's normal collection practices. He stated that in the case of the plaintiff's accounts this same procedure was followed and each account was diligently pursued. Mr. Locke further stated that he was not an attorney, had no legal training and his company did not have an *918 attorney-employee to give legal advice. He attested that it was his understanding that it was illegal for the company to take legal action for its customers, render legal advice or threaten anyone with litigation, as this would constitute the unauthorized practice of law.
In response to this motion and affidavit, the plaintiff filed a memorandum in opposition wherein he stated: "... for the purposes of this motion, plaintiff will concede the fact that the defendant attempted to collect the debts." The plaintiff averred, however: "Dr. Carlos Pisarello's cause of action against Administrator's Service Corp. rests upon one theory. That theory being that Administrator's Service Corp., as plaintiff's agent, breached its legal duty to plaintiff in failing to return the accounts to plaintiff before they prescribed, thereby depriving the plaintiff of the opportunity of pursuing the collection of the delinquent accounts in court.
The district court, after reviewing the record, concluded that there did not exist a material issue of fact and therefore, it granted the defendant's summary judgment.
The sole issue on appeal is whether the trial court erred when it granted the motion for summary judgment filed by Administrator's Service Corp. and its insurer.
The Louisiana Supreme Court, in Industrial Sand and Abrasives, Inc. v. Nashville Railroad Company, et al presents a comprehensive discussion of the issue of summary judgment. 427 So.2d 1152 at 1153-1154 (La., 1983). The Court states:
The sole purpose for the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. Miller v. East Ascension Tel. Co., 263 So.2d 360 (La.App. 1st Cir.), writs denied, 262 La. 1121, 266 So.2d 430 (1972); cf. Albatross Shipping Corp. v. Stewart, 326 F.2d 208 (5th Cir.1964); see also Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Comment, Development of Jurisprudence in Louisiana Relative to Summary Judgment since 1960, 12 Loyola L.Rev. 128 (1965-66). The summary judgment procedure in Louisiana is set out in La.C.C.P. art. 966 et seq...
La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor "if the pleadings, depositions, answers to interrogatories, and admissions of fact, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law." Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed.Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.), writs denied, 403 So.2d 68 (La. 1982); cf. Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co., 644 F.2d 424 (5th Cir.1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir.1980).
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); cf. Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
Our review of the record indicates that the trial judge did not err in granting the defendant's motion for summary judgment.
Due to the concession of the plaintiff, the issue of the defendant's diligence in its collection efforts, on plaintiff's behalf, was no longer a factual matter of contest. See: *919 Placid Oil v. A.M. Dupont Corp., 156 So.2d 444 (La., 1963).
The sole remaining issue is whether the plaintiff's allegation that the defendant owed him a duty to advise him regarding the prescription of claims constitutes a material issue of fact which is in dispute.
The duties of collection agencies are discussed in Andrus v. Guillot, 160 So.2d 804 at 806 (La.App., 3rd Cir., 1964):
It appears that an agent may make a peaceful collection or a friendly adjustment of a bill without engaging in the practice of law. However, the collector infringes on the field reserved to the legal profession when he undertakes to give legal advice, or to threaten debtors with legal proceedings, or to represent the creditor in court, either directly or through an attorney engaged by the collector. (See annotations in 84 A.L.R. 750; 157 A.L.R. 522; 111 A.L.R. 39; 125 A.L.R. 1180; and 151 A.L.R. 794.)
Counseling, regarding the prescription of claims, constitutes the practice of law or giving of legal advice. See: R.S. 37:212. Such privileges are reserved for attorneys and are prohibited to non-attorneys. R.S. 37:213. Since this collection agency was not authorized to practice law, it was precluded from giving advice regarding the prescription of claims. Accordingly, the "duty" which plaintiff sought to impose upon the defendant legally does not exist. Hence, this allegation does not present a dispute regarding a material issue of fact. Summary judgment was proper.
For the reasons assigned the judgment of the district court is affirmed.
AFFIRMED.