CIACCIO, Judge.
Terry Hills appeals a judgment of the district court which granted a motion for summary judgment filed by American Motorist Insurance Company and dismissed plaintiff’s suit for damages. We affirm the judgment of the district court.
On April 4, 1983, plaintiff, Terry Hills, was injured when, while working as a temporary employee on contract to American Waste and Pollution Control Company, Inc., (hereafter referred to as “American Waste”), he was struck by a truck owned by American Waste and driven by its employee, Allen Laurendine.
Plaintiff filed this action in tort against American Waste and Allen Laurendine seeking damages for his personal injuries. The defendants filed an answer denying the allegations, and an exception on behalf of American Waste as the statutory employer of the plaintiff.
The defendant American Waste thereafter sought summary judgment in that plaintiff’s exclusive remedy against his statutory employer for the claimed injuries was worker’s compensation. La.R.S. 23:1032. The district court granted the motion for summary judgment and dismissed the damage suit against American Waste.
Plaintiff amended his petition to again name Allen Laurendine and American Waste, and to add American’s insurer to the suit. No new allegations were made against American Waste and the plaintiff erroneously named Kemper Insurance Company as American Waste’s insurer.
American Waste and its proper insurer, American Motorists Insurance Company (hereafter referred to as “American Motorist”), answered the amended petition.
American Waste sought summary judgment on the basis that it had already been dismissed from this suit by the court’s grant of summary judgment and therefore, it could not again be added to this suit.
American Motorist filed a motion for summary judgment on the basis that it could have no liability when its insured, American Waste, had been found to have no liability. La.R.S. 22:655.
The district court, on November 8, 1985, granted the motions for summary judgment filed by American Waste and American Motorist. The plaintiff appeals only from that portion of the judgment of November 8, 1985 which granted summary judgment and dismissed American Motorist from this lawsuit.
The sole issue on appeal is whether the trial court erred in granting American Motorist’s motion for summary judgment.
The mover is entitled to a summary judgment in its favor if the pleadings, depo *1246 sitions, answers to interrogatories and admissions of fact show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. Art. 966. Industrial Sand and Abrasives, Inc. v. Louisville & Nashville Railroad Co., 427 So.2d 1152 (La., 1983).
Plaintiff contends that the trial court erred in granting summary judgment and dismissing the insurer, American Motorist, in that there exists material issues of fact as to whether, at the time of this accident, Allen Laurendine was acting outside the course and scope of his employment. He reasons that this is significant, because, if established, Allen Laurendine would not have been operating the truck as an employee but rather as a third party acting with the owner’s permission and thus an insured under the liability policy issued by American Motorist.
Louisiana Revised Statute Title 23 Section 1032 provides:
Section 1032. Exclusiveness of rights and remedies; employer’s liability to prosecution under other laws
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word “principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.
In this case, the plaintiff, in the original petition, made the allegation that “the driver Laurendine was, at the time of the occurrence, acting within the course and scope of his employment with American Waste and Pollution Control Co., Inc. ... ”. [Par. 6, Original Petition]. This statement was never revoked as an error of fact, nor was it ever amended out of the petition. See: La.C.C. Art. 1853. Moreover, in his opposition to the defendant’s motion for summary judgment against American Motorist, plaintiff reiterates this position. However, in his supporting affidavit and in his argument on appeal he contends that Laurendine was not acting within the course and scope of his employment when plaintiff was injured.
The statement by the plaintiff in his petition, to the effect that Laurendine was acting within the course and scope of his employment when the accident occurred, constitutes a judicial confession. La.C.C. Art. 1853. As such, this is an issue which is no longer in dispute. Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979).
Moreover, even assuming for the sake of argument that this statement did not constitute an admission of fact, the facts as alleged in the plaintiff's affidavit opposing summary judgment bring us to the same result. That is, in order to determine whether an employee is acting within the course and scope of his employment it must be determined whether the employee is performing some benefit for his employer as *1247 opposed to some personal function which is entirely extraneous to the employer’s interest. La.C.C. Art. 2320. Daniels v. Conn, 382 So.2d 945 (La., 1980).
In plaintiffs affidavit he alleges that “Allen Laurendine ... was on a mission benefiting defendant American Waste and Pollution Control Co., Inc. at all times relevant to the accident subject to this suit.”
Accordingly, from the facts presented, we conclude that the defendant Laurendine was acting within the course and scope of his employment at the time of the accident. As such, he was a fellow worker immune from tort liability. R.S. 23:1032. Thus, since Laurendine is exempt from liability so is his insurer. Therefore, the trial court did not err in granting summary judgment and dismissing American Motorist from this case.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiffs cost.
AFFIRMED.