CIACCIO, Judge.
Plaintiff filed suit to recover 100 weeks of worker compensation benefits, resulting from the loss of one-half of the distal phalanx of one of the fingers of his right hand in a work-related accident. La.R.S. 23:1221(4)(p). Defendant answered the suit and thereafter filed a motion for summary judgment on the grounds that the plaintiff had already been provided with all the benefits to which he was entitled under the Louisiana Worker’s Compensation Act. La.R.S. 23:1021 et seq. The district court granted the defendant’s motion for summary judgment and dismissed plaintiff’s suit. Plaintiff appeals this judgment, and we affirm.
The facts surrounding the plaintiff’s injury are basically uncontested:
On March 17, 1986, while working for Howard Steel Erection, Incorporated, plaintiff, James Smith, was attempting to set a stone on a stairwell when the stone slipped and severed one-half of the distal phalanx of the index finger of his right hand.
Plaintiff was treated by Dr. George Andrews from March 17, 1986 through July 29, 1986 at which time he was released to return to his regular form of employment. Dr. Andrews diagnosed the plaintiff’s condition as a 20% permanent partial disability to the right index finger. The defendants paid plaintiff compensation benefits of $254.00 per week from the date of the accident until he was released to return to work, (i.e., for a total of 19 weeks and 1 day of compensation benefits).
They also paid all medical expenses incurred and will continue to pay any such expenses incurred by Mr. Smith in the future as a result of this accident.
*967 The sole issue on appeal is whether the trial court erred in granting the defendant’s motion for summary judgment.
The mover is entitled to a summary judgment in its favor if the pleadings, depositions, answers to interrogatories and admissions of fact show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. Art. 966. Industrial Sand and Abrasives, Inc. v. Louisville & Nashville Railroad Co., 427 So.2d 1152 (La., 1983).
Plaintiff contends that the trial court erred in granting summary judgment dismissing his employer and their compensation carrier from this suit in that he is entitled to additional compensation benefits. He reasons that his injuries qualify as a disfigurement, pursuant to Section 1221(4)(p) of the Louisiana Compensation Act and they do not constitute an “amputation”, pursuant to Sections 1221(4)(b) and io), as found by the trial court.
We find that the trial court did not err in concluding that compensation benefits to which plaintiff was entitled for his injuries were governed by Title 23 Sections 1221(4)(b) and (o) of the Louisiana Worker’s Compensation Act.
We concur in and adopt as our own the reasons for this conclusion set forth in the trial court’s Reasons for Judgment:
* * * * * *
The major controversy in this motion for summary judgment is whether the disfigurement provisions of La.R.S. 23:1221(4)(p) apply under the facts of this case. The statute provides as follows:
(p) In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured or where the usefulness of the physical function of the respiratory system, gastrointestinal system, or genitourinary system, ás contained within the thoracic or abdominal cavities, is seriously and permanently impaired, compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may be awarded. In cases where compensation is so awarded, when the disability is susceptible to percentage determination, compensation shall be established in the proportions set forth in Subparagraph (o) of this Paragraph. In cases where compensation is so awarded, when the disability is not susceptible to percentage determination, compensation as is reasonable shall be established in proportion to the compensation hereinabove specifically provided in the cases of specific disability.
By its express language, La.R.S. 23:1221(4)(p) applies only “[i]n cases not falling within any of the provisions already made.” Since La.R.S. 23:1221(4) contains specific provisions governing loss of an index finger, Subsection (p) does not apply.
La.R.S. 23:1221(4)(b) provides that an employee is entitled to 30 weeks of compensation if he loses his entire index finger. When an anatomical loss or amputation is only partial, La.R.S. 23:1221(4)(o) provides that “compensation shall bear such proportion to the number of weeks provided for herein for the total loss of such members as the percentage loss or impairment to such members bears to the total loss of the member.” Since plaintiff’s doctor estimates his loss as 20 percent, plaintiff is entitled to 20 percent of 30 weeks, or six weeks, of benefits. La.R.S. 23:1223 allows for deduction of payments made under La.R.S. 23:1221(1), (2) or (3) from any compensation allowed under Subsection (4). Therefore, since defendants have paid plaintiff 19 weeks and one day of benefits, plaintiff is not entitled to any more benefits for the amputation of half of the distal phalanx of his right index finger.
Although not necessary to determination of this motion, this Court believes that loss of one-half of the distal phalanx of an index finger, approximately one-eighth inch of the finger, does not constitute disfigurement for purposes of La.R. S. 23:1221(4)(p).
* * # * * *
*968 Since plaintiff had received all the weekly compensation benefits to which he was entitled under the Louisiana Worker’s Compensation Act, the trial court correctly sustained defendants’ motion for summary judgment and dismissed plaintiff’s suit.
Accordingly, the judgment of the district court is affirmed, at plaintiff’s costs.
AFFIRMED.