KING, Judge.
The sole issues presented by this appeal are whether or not the trial court erred in granting a Motion For Summary Judgment in favor of the defendant and in denying a Motion For Summary Judgment in favor of plaintiff.
Fremin’s Food and Furniture, Inc. (hereinafter Fremin’s) instituted this action for declaratory judgment, damages, and in-junctive relief against Teche Electric Cooperative, Inc. (hereinafter Teche). Fremin’s seeks termination of two written contracts (hereinafter the contracts) between the parties for membership and electrical service. Fremin’s also seeks damages sustained by Teche’s refusal to allow termination of the contracts, or, in the alternative, for injunc-tive relief and damages sustained due to Teche’s misrepresentations concerning the cost of Teche’s service compared with the cost of another local electrical utility company. Fremin’s and Teche both filed Motions For Summary Judgment. The trial court granted Teche’s motion on the grounds that Fremin’s had not given proper written notice under the contracts to request termination of electrical service and that membership could not be cancelled with a thirty day written notice. The court denied Fremin’s motion. Fremin’s filed a timely devolutive appeal from the judgment of the trial court that granted Teche’s Motion For Summary Judgment and denied its Motion For Summary Judgment. We reverse and remand.
FACTS
This suit originated from a dispute over the interpretation of certain provisions contained in two identical contracts entitled “Application For Membership and Electric Supply.” On September 12,1979, Rayward Fremin signed an application on behalf of Fremin’s Food and Furniture, Inc. to Teche Electric Cooperative, Inc. for electric service to Fremin’s warehouse. On October 26, 1982, Rayward Fremin signed a second application on behalf of Fremin’s to Teche for electric service to Fremin’s retail store. Both applications were accepted by Teche and became the contracts between the parties. Pursuant to the contracts Fremin’s became a member of Teche and Teche commenced providing electrical service to Fre-min’s.
The two applications contained identical language. Two pertinent paragraphs, numbered 4 and 6 read as follows:
“4. The Applicant will comply with and be bound by the provisions of the articles of conversion and by-laws of the Cooperative and all amendments and additions thereto, and such rules and regulations as may from time to time, be adopted by the Cooperative.
* * * * * *
6. The acceptance of the application by the Cooperative shall constitute an agreement between the Applicant and the Cooperative and the Contract for electric service shall continue in force for one year from the date service is made available by the Cooperative to the Applicant and thereafter until canceled by at least 30 days written notice given by either party to the other.”
The By-laws of Teche referred to in paragraph 4 above, concerning the termination of membership, provide that:
“Section 7 — Termination of Membership: ‘Any member may withdraw from membership upon compliance with such uniform terms and conditions as the board of directors may prescribe.’ ” (Emphasis added.)
On June 17, 1983, Fremin’s sent a letter to Teche seeking a release from Teche so that Fremin’s could obtain electrical service from another local electrical utility. Arthur Verret, General Manager of Teche, had previously informed Fremin’s that any request Fremin’s made for release from the contracts would have to be brought before the Board of Directors. After receiving Fremin's letter, Mr. Verrett told Rayward Fremin that he was going to bring the request before Teche’s Board of Directors. Two weeks later, Verret telephoned Fremin to inform him that on June 28, 1983, the Board had considered and refused Fremin’s request for a release. On December 18, 1985, Fremin’s sent a second *1349 letter demanding cancellation of its membership in Teche and termination of its electrical service with Teche. This second request was also denied by the Board of Teche on January 16, 1986.
The trial court, in its written reasons for judgment, quoted pertinent portions of the two letters as follows:
“The pertinent language in these two letters, which are attached to plaintiffs petition on file as exhibits 3 and 4, provides:
‘As per our conversations and meeting this week, I would like to request a release from Teche Electric Coop, the supplier of power to our facility in New Iberia (Fremin’s Food and Furniture).... I want you to know that this request has positively nothing to do with the quality of the service you provide. I am strictly asking to be released because of the current utility cost at Teche Electric ... Letter of June 17, 1983.
Please be advised in pursuant to Paragraph 6 of my application for membership and electrical service with Teche Electric Cooperative, Inc., I am hereby giving formal notice requesting cancellation of my membership as regards electrical services to Fremin’s Food and Furniture warehouse ... It is my intention to secure electrical services from Central Louisiana Electrical Company and I hereby request that you disconnect and remove from the premises all wiring and equipment so as to allow for connection with Central Louisiana Electrical Company ... Letter of December 18, 1985.’ ”
Plaintiff, Fremin’s, then filed a Petition For Declaratory Judgment, Injunctive Relief, and Damages against defendant, Teche. Fremin’s sought declaratory judgment that all relationship between the parties arising from the contracts was terminated. Additionally, Fremin’s sought judgment for damages equal to the difference between what Fremin’s had paid to Teche for service since October 26,1983 and what they would have had to pay CLECO for the same electrical service, had Teche canceled the contracts when requested. In the alternative, and based on allegations that Teche misrepresented that its rates would be lower than those of CLECO, Fremin’s sought judgment for damages in the amount of the difference between the two rates from the date service was provided to the retail store pursuant to the second contract. In the further alternative, Fremin’s sought injunctive relief to prevent Teche from charging more than CLECO would charge for comparable service.
Teche filed an answer of denial to Fre-min’s suit. Fremin’s and Teche then each filed Motions For Summary Judgment. On June 5, 1987 the trial court heard the cross motions for summary judgment on the pleadings, exhibits, affidavits, and depositions submitted in evidence and, after hearing arguments of counsel, took the matter under advisement. On June 28, 1987, the trial court rendered written reasons for judgment. The trial court granted Teche’s motion on the grounds that Fremin’s had not given proper written notice requesting termination of electric service, the remedy to which it was entitled under the contracts. The trial court found a difference between Fremin’s request for release or cancellation of membership in Teche and a request for release or termination of electrical service with Teche.
The trial court stated in its written reasons for judgment that:
“The letters of the plaintiff did not request the relief to which the plaintiff was entitled namely termination of electric service. The letter of June 17, 1983 demanded ‘cancellation of membership.’ When these requests are coupled with the certified deposition testimony of Ray-ward Fremin, it is beyond question that plaintiff was not requesting merely that service be stopped; Fremin wished that membership be terminated as well. It is the view of the court that the provisions of Paragraph 6 of the Application do not afford to plaintiff the option of withdrawal from membership upon 30 day notice.”
A formal written judgment was read and signed in chambers on July 6, 1987. Fre- *1350 min’s filed a timely devolutive appeal alleging that the trial court erred in granting defendant’s Motion For Summary Judgment and in denying its Motion For Summary Judgment.
DEFENDANT’S MOTION FOR SUMMARY JUDGMENT
The Louisiana Supreme Court discussed the summary judgment and enumerated the criteria to consider when determining whether to grant summary judgment in the case of Indus. Sand and Abrasive v. L & N R. Co., 427 So.2d 1152 (La.1988):
“La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor ‘if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law.’ Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed.Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.), writs den., 403 So.2d 68 (La.1982). Cf. Erco Industries, Inc. Ltd. v. Seaboard Coast Line Railroad Co, 644 F.2d 424 (5th Cir.1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir.1980).
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mash-bum v. Collin, 355 So.2d 879 (La.1977); cf. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).” Indus. Sand and Abrasives v. L&N R. Co., 427 So.2d 1152 at pages 1153, 1154 (La.1988).
The trial court in its written reasons for judgment found that paragraph 6 of the contracts does not afford plaintiff the option of withdrawal from membership in Teche upon a thirty day written request. The trial court found that the only relief to which Fremin’s was entitled under the contracts upon thirty days written request was termination of electric service. The trial court construed Fremin’s letters as only a request for cancellation of membership in Teche to which Fremin’s was not entitled by only a thirty day written request. Fre-min’s argues that there is no distinction between cancellation of membership and termination of electric services. The language in the By-Laws of Teche supports the view that membership in Teche and receiving electric service from Teche are indistinguishable concepts. One must agree to purchase electric service from Teche to become a member of Teche and all members of Teche are required to purchase all of their electric service from Teche. See the contracts and Teche By-Laws, Sections 1 and 6 and La.R.S. 12:408(A). On the other hand, Teche argues that there is a great distinction between cancellation of membership and termination of electric services. Teche argues that the provisions of the contracts and the By-Laws of Teche must be read together and that these documents do not provide authority for automatic termination of membership in Teche upon thirty days written notice. Teche argues that a member may only terminate electrical services after one year, upon thirty days written notice, but that a member may not ever cancel membership in Teche without approval of the Board of Directors or the membership of Teche. In fact, Teche’s counsel has taken the position, upon oral argument of this appeal, that Teche is not required to adopt any provisions to permit withdrawal of a member from membership and that an electrical cooperative, such' as Teche, can refuse to allow a member to ever withdraw from *1351 membership unless its Board of Directors or membership chose to consent to such withdrawal.
We find the trial court to be clearly wrong in finding that Fremin’s letters were not a request for termination of electrical service. The words in Fremin’s December 18, 1885 letter “I request that you disconnect and remove from the premises all wiring and equipment ...” clearly constitute a request for termination of electrical service when given a common sense meaning. In fact, Teche itself recognized Fremin’s letter as a request for termination of electrical service. The minutes of the January 14, 1986 meeting of the Board of Teche, at which Fremin’s request in its December 18, 1985 letter was considered, state that upon motion made and seconded that "... the Board denied Mr. Fremin’s request to disconnect Teche’s service in order for him to secure electrical power from CLECO.”
The trial court found and the parties both agree that the Board of Directors of Teche had made no provisions under Teche’s By-Laws for any “uniform terms and conditions” for a member to withdraw from membership in Teche. The trial court found that Fremin’s letters were a request for cancellation of membership in Teche. We agree. The trial court also found that the contracts themselves did not provide that Fremin’s could cancel its membership in Teche upon written notice of thirty days. We also agree with this finding. However, there is nothing in the contracts or the By-Laws of Teche to prevent a member from cancelling membership in Teche upon thirty days written notice. We do not find a thirty day written request for cancellation of membership unreasonable in view of the fact that the Board of Teche has never adopted any “uniform terms and conditions” for a member to withdraw. Nor do we find any authority for Teche’s position that once a person becomes a member of Teche that he has to forever remain a member of Teche unless its Board or membership choose to vote to let a member withdraw. A person is a member of an electric cooperative only as long as he retains membership, La.R.S. 12:402(B), and an electric cooperative may provide in its By-Laws that any person shall cease to be a member of the electric cooperative if he fails or refuses to use electric energy made available by the electric cooperative, La.R. S. 12:408(A). If Teche’s position was the law of Louisiana, then once a person became a member of an electric cooperative, and even though he discontinued or refused to use the electric energy provided by the cooperative, he could not cancel his membership unless the cooperative’s Board or membership chose to vote to let him do so. This would be, of course, illegal as a person could be forced to remain a member of an electric cooperative in prohibition of the law that a person can only be a member of an electric cooperative when he agrees to use electric energy furnished by the cooperative. La.R.S. 12:408(A).
Teche also urges on brief to this court that since Fremin’s is presently served by it, La.R.S. 45:123 would prohibit service to Fremin’s by another utility except with the consent in writing of Teche or upon proof that Teche is providing inadequate service. Presumably, from this, premise, Teche argues that since Fremin’s requires electrical service and La.R.S. 45:123 proscribes against Fremin’s receiving electrical service from any utility other than Teche; and that since Fremin’s can only purchase electrical service from Teche so long as it retains its membership in Teche; therefore, Fremin’s cannot cancel its membership in Teche.
We express no opinion with regard to La.R.S. 45:123 or its effect upon finality of this judgment recognizing Fremin’s right to cancel its membership in Teche and its further right to a termination of its contract for electrical service. Whether, upon finality of our judgment, La.R.S. 45:123 will serve to prohibit a utility, other than Teche, from furnishing electrical service to Fremin’s is not an issue before this court.
For these reasons we reverse the judgment of the trial court and vacate and set aside the summary judgment signed on July 5, 1987, in favor of Teche and against Fremin’s. Judgment is rendered on the *1352 motion for summary judgment of Fremin’s in favor of Fremin’s and against Teche declaring the contracts between the parties, dated September 12, 1979 and October 26, 1982, for electrical service terminated and cancelling the membership of Fremin’s in Teche. The matter is remanded to the trial court for further proceedings on Fre-min’s claim for damages or alternatively, injunctive relief.
All costs of the proceedings on appeal are taxed to Teche with the costs of the trial court to await a trial on the merits of the remaining claims of Fremin’s.
REVERSED AND REMANDED.