433 So.2d 209 (1983)
James GARRETT, et ux., Plaintiff-Appellees,
v.
SAFECO INSURANCE COMPANY, et al., Defendants-Appellant.
No. 15261-CA.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
Bodenheimer, Jones, Klotz & Simmons by Harry D. Simmons, Shreveport, for defendants-appellants, Safeco Ins. Co. and Jimmy Wilson.
Donald R. Miller, Shreveport, for plaintiffs-appellees.
Mayer, Smith & Roberts by Alex F. Smith, Jr., Shreveport, for defendants-appellees, St. Paul Fire & Marine Ins. Co. and Dr. B.O. Brian.
Watson, Blanche, Wilson & Posner by George K. Anding, Jr., Baton Rouge, for third-party defendant-appellee, Bossier Medical Center.
Cook, Yancey, King & Galloway by Sidney E. Cook, Shreveport, for third-party defendants-appellees, Hartford Acc. & Indem. Co. and Clinton McAlister, M.D.
Before HALL, MARVIN, and JASPER E. JONES, JJ.
MARVIN, Judge.
A grocery store owner, who was sued in a slip and fall damage action by a customer, appeals a summary judgment dismissing his third party demand for contribution against a doctor who was alleged to have negligently treated the customer and who is also *210 allegedly liable for some part of the principal demand. C.C.P. Art. 1111.
After being made a defendant in the principal and in the third party action, the doctor settled with the customer-patient and obtained a release in full satisfaction of the claims arising out of his treatment. After being dismissed as a defendant in the principal action, the doctor then moved for a summary judgment dismissing him from the third party action.
In three assignments,[1] the store owner contends that the apportionment of relative fault between himself and the doctor presents genuine issues of fact and that the dismissal of the doctor from the third party action denies him his right of contribution and may deny him his right to have his obligation to plaintiff proportionately reduced. C.C. Arts. 2103, 2323, 2324. C.C.P. Art. 1811. See Wall v. American Emp. Ins. Co., 386 So.2d 79 (La.1980) and Mobley v. Rego Co., 412 So.2d 1143 (La.App. 2d Cir. 1982).
The essence of the store owner's argument is that the comparative negligence provisions render inapplicable the holding of Wall and Mobley, supra, that a defendant may reduce his obligation to a plaintiff by showing that another tortfeasor, with whom plaintiff has settled and who is no longer a party to the action, is also responsible in some way for plaintiff's injuries. Not agreeing, we affirm the summary judgment.
The release of the doctor by the plaintiff effectively removed the store owner's right to claim contribution from the doctor but has not removed the store owner's right to proportionately reduce his obligation to the plaintiff. While it appears that the doctor's alleged faulty treatment would classify him not as a concurrent tortfeasor, but as a successive tortfeasor,[2] the effect of the release is still the same. Once released by the principal plaintiff, the doctor is no longer liable as a third party defendant to the store owner (principal defendant) for all or any part of the principal demand. C.C.P. Art. 1111. Wall, supra.
This does not mean, however, that the doctor's faulty treatment may not be shown by the store owner to proportionately reduce the store owner's obligation to the principal plaintiff. Mobley, supra. The comparative negligence provisions have not negated this principle nor compounded the problem or burden imposed on the tortfeasor who seeks reduction in such circumstances.
There is no genuine issue of material fact regarding the existence or the effect of the release of the doctor by the plaintiff or regarding whether the store owner is legally entitled to have the doctor's proportionate fault judicially determined for the sole purpose of reducing the store owner's obligation to the plaintiff. C.C. Art. 2103, C.C.P. Art. 966.
C.C.P. Art. 1811 contemplates that the apportionment of fault shall be judicially determined between parties (Part B. 1.) and, if appropriate [to the circumstances], between other involved person[s] (Part B. 8.). The circumstances of this case are such that the doctor would be another involved person and the trial court would be obligated to require the jury or itself to apportion the alleged fault of the doctor with the fault of all others.
At appellant's cost, judgment is AFFIRMED.
NOTES
[1] "1. Is the relative degree of fault of [the doctor], as it affects the ultimate liability of [the store owner] a genuine issue of material fact which would render summary judgment improper?

"2. Is the right of [the store owner] to have the obligation reduced in proportion to the other tort feasor's fault adequately protected if such other tort feasors are not parties to the litigation?
"3. Does Article 1811 of the Code of Civil Procedure provide an adequate method of determining the degree of fault of a responsible party which is not a party to the litigation [where the article says the trial court shall charge the jury to apportion the fault of a non-party, if appropriate]?" Bracketed material supplied.
[2] See Stone, Tort Doctrine, § 113.