525 So.2d 617 (1988)
Wallace WILKINSON & Peggy McFarland Wilkinson, Plaintiffs-Appellees,
v.
Wilfred LANDRENEAU, et al., Defendants-Appellant-Appellee.
No. 87-441.
Court of Appeal of Louisiana, Third Circuit
May 11, 1988.
*618 Donald Launey, Jr., Ville Platte, for plaintiffs-appellees.
Alex D. Chapman, Ville Platte, for defendant-appellee.
Richard W. Vidrine, Ville Platte, for defendant-appellant.
Before LABORDE, KNOLL and KING, JJ.
KING, Judge.
Wallace and Peggy Wilkinson, husband and wife, (hereinafter plaintiffs) orally contracted with Wilfred Landreneau (hereinafter defendant) to build a house for them on property they owned in Evangeline Parish. Included in the written plans and specifications provided to defendant was a fireplace and chimney for the house. Defendant subcontracted the construction of the fireplace and chimney to Nick Paul Soileau (hereinafter Soileau). Claiming faulty construction of the fireplace and chimney, plaintiffs sued both defendant and Soileau for damages and attorneys fees. The trial judge maintained an exception of no cause of action on behalf of Soileau, holding there was no contract between the plaintiffs and Soileau. On the merits the trial court found that the fireplace and chimney had not been constructed in accordance with the contract, that it could not be repaired and had to be torn down and rebuilt, and that plaintiffs were entitled to an award of $7,543.62 representing the cost of tearing down and properly rebuilding the fireplace and chimney. The court denied attorneys fees, finding no basis therefor in the law or the contract. The trial court also rejected defendant's third party demand against Soileau, finding that Soileau had built the fireplace and chimney with the materials provided by defendant, and under his direction, and that Soileau *619 had not breached his contract with defendant.
Defendant timely appealed urging that: (1) he built according to the plans and specifications furnished to him by plaintiffs, and can not be responsible for the insufficiency of those plans and specifications; (2) since the damages are attributable to faulty workmanship, his third party demand against his subcontractor, Soileau, should have been granted; and (3) the damages were excessive.

FACTS
This was an oral contract. The plaintiffs bought the house plans and furnished them to defendant. There were oral modifications of the contract made both before and during construction, with reference to the fireplace and chimney, which, according to the testimony, defendant agreed to without question as the changes could be made within the price he had originally quoted.
After they moved into their new house in December, 1979, plaintiffs began to experience trouble with the fireplace and chimney. Water entered the fireplace through the chimney. A crack appeared on the outside. The mortar between the bricks and the firebox began to crumble and fall out. There were brick pavers instead of firebrick on the bottom of the fireplace, and these cracked and broke. On one occasion Mrs. Wilkinson suffered the experience of having to watch as a small snake entered the house through one of these cracks. Plaintiffs informed defendant of these and other problems but defendant's efforts to correct them were unsuccessful.
Ronald Vidrine, accepted at trial as an expert in brick masonry by all parties, examined the chimney on several occasions. He testified that there were holes around the cobbling that were not flashed. Salt was coming out of the brick caused by the continuous seepage of water. There was no flashing on the outside where the brick met the wood and also where the cobbling occurred; the absence of flashing was a deviation from the plans. There was a crack along the brick on the outside caused by the absence of an angle iron over the ash dump. The firebrick was laid with conventional mortar instead of fireclay, which was wrong. The brick veneer inside the house contained just one angle iron and there should have been two. Split pavers instead of firebrick was used at the bottom of the chimney. The damper was put in wrong. The cracking on the outside of the chimney was so severe that light could be seen coming through. Mr. Vidrine was of the opinion that the chimney and fireplace were unsafe. It was Mr. Vidrine's opinion that there was no way the job could be repaired; the chimney and fireplace had to be torn out and rebuilt entirely.
The trial court made a finding of fact that the chimney was "unfit for the purpose for which it was constructed".

ISSUES
The legal relationship between the plaintiffs and defendant arise from a construction contract, and defendant's liability for non-compliance with the contract is found in La.C.C. Art. 2769, which reads:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
This article was found applicable in the case of a defectively built fireplace in Martin v. AAA Brick Company, Inc., 386 So.2d 987 (La.App. 3rd Cir.1980), and the homeowners were found to be entitled to removal of the fireplace, restoration of their premises to the original condition, and damages for the breach of the construction contract.
The findings of fact by the trial court that there were irremediable defects in the fireplace and chimney, requiring their replacement, and that these defects were attributable to defendant's failure to perform the terms of his contract, are not clearly wrong and we affirm. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Defendant's defense that he constructed the fireplace and chimney in accordance with the written plans and specifications provided by plaintiffs, and that he is therefore insulated from responsibility, is based upon La.R.S. 9:2771 which reads:
*620 "No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor."
In our opinion this article gives no relief to defendant, principally because there was expert testimony that he did not follow the plans and specifications, failing, for example, to put flashing on the outside where the brick met the wood and where the cobbling appeared. Additionally, while the plans and specifications do not purport to provide for every detail of construction, such as whether conventional mortar and brick or fireclay and firebrick should be used in certain places we find that La.R.S. 9:2771 is inapplicable in this case. While the plans did not require fireclay and firebrick the defendant is liable because he did not follow the plans in other respects. See American Eagle, Inc. v. Employers' Liability Assurance Corporation, Ltd., 389 So.2d 1339 (La.App. 1st Cir.1980), writ denied, 396 So.2d 885 & 886 (La.1981).
Defendant assigns as error the failure to award him indemnity from Soileau, the bricklayer. Defendant acknowledges in his appellate brief that Soileau was "a bricklayer retained to do only labor in this case". The trial court found that Soileau built the fireplace and chimney under defendant's supervision with materials provided by defendant, according to the plans and specifications furnished him, as modified by the plaintiffs with defendant's knowledge and consent, and that Soileau was, therefore, in legal contemplation, without fault or negligence. Only by proving that he was not actually at fault, and that his liability resulted only from the fault of Soileau, could defendant recover by way of indemnity from Soileau. The indemnity of a contractor from his subcontractor applies only when the exclusive fault producing liability is the conduct of the subcontractor. Bewley Furniture Company, Inc. v. Maryland Casualty Co., 285 So.2d 216 (La.1973). The trial court found that Soileau, far from being solely at fault, was not at fault at all, a finding of fact with which we see no clear error, and therefore defendant's claim for indemnity was properly denied.
Finally, the defendant contests the amount of the damage award. The award was based upon the testimony of an expert that it would cost $5,049 to tear down the old fireplace and chimney, clean up, and rebuild it, and that it would cost an additional $2,494.62 for necessary carpentry work in the tearing down and rebuilding of the fireplace and chimney. There was evidence that nothing short of a total replacement was safe. We find no error with the trial court's determinations of the substantive facts, and no abuse of discretion as to the award of damages by the trial court.
For these reasons, the judgment of the trial court is affirmed, with defendant-appellant to pay all costs of this appeal.
AFFIRMED.