548 So.2d 66 (1989)
Isaac CASSON, Plaintiff,
v.
HARTFORD FIRE INSURANCE CO., et al., Defendants.
NATCHITOCHES PARISH HOSPITAL, Third Party Plaintiff-Appellant,
v.
McLEOD RADIOLOGICAL SERVICES, INC., Third Party Defendant-Appellee.
No. 88-471.
Court of Appeal of Louisiana, Third Circuit.
July 17, 1989.
*67 Charles W. Seaman, Lisa C. McCowen, Natchitoches, for plaintiff-appellee.
Watson, Blanche, Wilson & Posner, Rene J. Pfefferle, Peter T. Dazzio, Baton Rouge, and Gist, Methvin, Hughes & Munsterman, Howard B. Gist, Jr., Alexandria, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and FORET, JJ.
GUIDRY, Judge.
Third party plaintiff-appellant, Natchitoches Parish Hospital, appeals the grant of a summary judgment dismissing its third party demands against Dr. Edna McLeod, McLeod Radiological Services, Inc. and Hartford Fire Insurance Company (Hartford), their insurer. We reverse and remand for further proceedings.
On January 10, 1978, Isaac Casson accidentally sustained a back injury while at his place of employment. Casson's employer transported the injured employee to Natchitoches Parish Hospital where Casson was x-rayed. As the hospital had no resident radiologist, the x-rays were sent out to be read. Two doctors, one of whom was Dr. Edna McLeod, read the x-rays, but failed to diagnose a fractured cervical vertebrae. In his petition for damages filed against the doctors, their insurers, and Natchitoches Parish Hospital, Casson alleged that the failure of the doctors to interpret the x-rays properly and/or to diagnose his fractured vertebrae was a contributing factor to the development of the paralysis with which he is now afflicted.
Subsequently, during the course of litigation, a settlement was reached between plaintiff, Dr. Edna McLeod, and Hartford. Pursuant to said settlement, the parties thereto executed a "Receipt and Release" on February 9, 1984. On February 23, 1984, plaintiff's suit against Dr. Edna McLeod and Hartford was dismissed with prejudice. On September 17, 1987, Natchitoches Parish Hospital, by way of an amended petition and third party demand, sought to add McLeod Radiological Services, Incorporated and to rename Dr. McLeod and Hartford as third party defendants in the suit. The three parties from whom the Hospital sought indemnity or contribution filed a motion for summary judgment *68 based on the release executed by Casson on February 9, 1984.
At the hearing on the motion, the Hospital argued that as McLeod Radiological Services, Inc. was not a party to the release, said document was unavailable to the corporation as a defense. The Hospital further argued that separate and apart from any claim for contribution which may be precluded by the release agreement it claims full indemnification from third party defendants, which claim, it argues, is not precluded by the release agreement.
The trial court, without reasons oral or written, granted summary judgment in favor of third party defendants. Natchitoches Parish Hospital appeals urging error as follows:
1. When the language of a release includes a defendant, but not the defendant's corporation, the trial court cannot dismiss, on a motion for summary judgment, a third party demand against the corporation on the ground that the defendant and the defendant's corporation are the same entities when the movant has introduced no evidence to establish that the corporation and its shareholder are inseparable.
2. When a plaintiff releases a defendant from the main demand, and a co-defendant may be vicariously liable for the negligent acts of the released defendant, the non-settling co-defendant is not precluded from seeking full tort indemnification from the released defendant.
3. When a third party demand asserts a breach of contract action against a third party defendant, and the plaintiff releases the third party defendant from the tort claim of the main demand, the district court cannot dismiss a third party plaintiff's separate breach of contract action against third party defendant.
Recently, in Bourgeois v. Jordan, 527 So.2d 603 (La.App. 3rd Cir.1988), we stated:
"The Louisiana Supreme Court in Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152, at pages 1153, 1154 (La. 1983), discussed the law of this state and the criteria to be applied in determining whether or not a summary judgment should be granted and stated:
`La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law." Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed.Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.), writs, den., 403 So.2d 68 (La.1981); cf. Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co., 644 F.2d 424 (5th Cir.1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir.1980).
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); cf. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).'"
IS THE CASSON RELEASE AVAILABLE AS A DEFENSE TO MCLEOD RADOLOGICAL SERVICES, INC.?
It is well settled that a corporation is a distinct legal entity, separate and apart from its stockholders. Chefs Fried Chicken, Inc. v. Bull McWood, Inc., 459 So.2d *69 1371 (La.App. 3rd Cir.1984). As a distinct legal entity, a corporation may sue or be sued. Louisiana District, Church of the Nazarene v. Church of the Nazarene, 132 So.2d 667 (La.App. 1st Cir.1961), certiorari denied (La.1961). In American Bank of Welch v. Smith Aviation, Inc., 433 So.2d 750 (La.App. 3rd Cir.1983), we stated:
"The general rule that corporations are distinct legal entities, separate and distinct from the individuals who compose them, is statutory in origin, and well recognized in the Louisiana jurisprudence.
. . . . .
There are, however, limited exceptions... whereby the court may ignore the corporate fiction[.]
. . . . .
. . . . .
In such situations, courts commonly refer to the corporation as the "alter ego" of the shareholder. One such exception to the non-liability rule involves situations where fraud or deceit has been practiced on a third party by the shareholder acting through the corporation....
Another basis for disregarding the corporate entity involves the failure to conduct a business on corporate footing, thereby disregarding the corporate entity to such an extent that the corporation ceases to be distinguishable from its shareholders.
... In Louisiana, courts usually base their rule upon the often-quoted language of Keller v. Haas, 202 La. 486, 12 So.2d 238 (La.1943), which is found on page 240:
`It is well settled that where an individual forms a corporation of which he is the sole and only stockholder or owns such control of the stock that the act of the corporation is his own, then he may not use the screen of corporate entity to absolve himself from responsibility.'
... [R]egardless of the basis for piercing the corporate veil, it is clear that the situation must be viewed with regard to the totality of circumstances in each case. It should be kept in mind that in Louisiana the concept of the separation of the corporate entity from its shareholders is the general rule and is firmly established. Because of the beneficial role of the corporate concept, this principle should be disregarded only in exceptional circumstances.
... When fraud or deceit is absent, other circumstances must be so strong as to clearly indicate that the corporation and shareholder operated as one...."
Therefore, in order to show that the compromise and release between the plaintiff and Dr. McLeod also released the entity of McLeod Radiological Services, Inc., movers had to prove and the trial court had to find that Dr. McLeod and her corporation were, without question, one and the same, i.e., pierce the corporate veil.
In the case sub judice, movers submitted no evidence whatever to support their contention that the corporation was Dr. McLeod's alter ego. Clearly appellees failed to carry their burden of proof, i.e., showing that there exists no genuine issue of fact material to a determination that the corporate entity, McLeod Radiological Services, Inc., is Dr. McLeod's alter ego.
For the first time on appeal Dr. McLeod, the McLeod corporation and their insurer, Hartford, raise an exception of "no cause or right of action". Their exception is based upon an amended release executed by such parties and plaintiff, Isaac Casson, dated June 10, 1988. The amended release purports to also release McLeod Radiological Services, Inc. from all of plaintiffs demands. It is well settled that appellate courts can neither receive any evidence to supplement a record nor review evidence not in the record. Barnett v. Barnett, 477 So.2d 1289 (La.App. 3rd Cir.1985); Tebbe v. Avegno, 435 So.2d 513 (La.App. 4th Cir. 1983). Since we cannot consider the only evidence which supports appellees' exception, we overrule same but reserve the right of third party defendants to re-urge a like exception upon remand.
For the reasons stated, and those stated hereafter, which are equally applicable to the McLeod Corporation, we find that the *70 summary judgment in favor of third party defendants was improvidently granted.
ARE THIRD PARTY PLAINTIFF'S CLAIMS FOR INDEMNITY PRCLUDED BY THE CASSOMCLEOD RELEASE?
The Hospital contends that it is only vicariously or technically at fault and is therefore entitled to full indemnification from the principal tortfeasors, the McLeod Corporation and Dr. McLeod. In the alternative, the Hospital asserts that it is entitled to indemnification from these defendants by virtue of the contract whereby the McLeod Corporation agreed to provide radiology services for the Hospital. The Hospital urges that dismissal of their third party demand before a determination is made as to the basis of their liability, if any, is premature and improper. Third party defendants counter these arguments urging that the Hospital is entitled only to contribution and therefore, under established jurisprudence, Harvey v. The Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir.1964) and its progeny, the Hospital is entitled to a pro rata reduction of any judgment against it and therefore, the Casson release mandates that the third party demand should be dismissed. See Garrett v. Safeco, 433 So.2d 209 (La.App. 2d Cir.1983).
For the reasons which follow, we find merit in appellant's contention, ultimately concluding that the trial court erred in dismissing the Hospital's third party demand.
The basis for and the extent of the negligence, if any, of the Hospital, Dr. McLeod and the McLeod Corporation is not established and is clearly a disputed issue of fact. If the Hospital is ultimately found to be guilty of independent negligence, it cannot claim indemnity and its right to contribution from the McLeod defendants has been foreclosed by the Casson release, however, the Hospital will be entitled to a pro rata reduction of plaintiffs judgment and is thus protected. Garrett, supra. On the other hand, if the Hospital is ultimately successful in establishing its right to indemnification, it would be entitled to recover from the McLeod defendants the full amount of any judgment rendered against it in favor of Casson. La.C.C. art. 1804, formerly art. 2106; Truxillo v. Gentilly Medical Bldg., Inc., 225 So.2d 488, 495 (La.App. 4th Cir.1969). Contribution and indemnity are different legal tenets. One guilty of fault is not due indemnity. As stated in Truxillo, supra:
"The key to the applicability of the codal principle of indemnity is of course the determination that the affair `concerns' only one of two or more solidarity liable parties within the meaning of LSA-C.C. art. 2106 and therefore, as between themselves, the other or others are only the sureties of that one. Otherwise, the general rule of contribution only, art. 2104 must be applied."
The Supreme Court in Green v. Taca International Airlines, 304 So.2d 357 (La.1974), summed up the principle as follows:
"Indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to one primarily responsible for the act that caused the damage... Contribution apportions the loss among joint tortfeasors and requires each to pay his virile share of the damages that result from the wrong." (citations omitted).
Indemnity, unlike contribution, is not dependent upon subrogration to the right of the creditor, but finds its basis in the concept of unjust enrichment, i.e., the party primarily at fault is unjustly enriched when one held liable vicariously or by reason of technical fault discharges the indebtedness. As stated in Truxillo, supra, at page 495:
"As between creditor and surety (`security'), the surety is governed by principles applicable to debtors in solido, art. 3045; but as between debtor and surety the surety (the master) has the right (1) to subrogation to the creditor's right against the debtor (servant) if the surety (master) has paid the debt, arts. 3052, 3053; and, (2) to indemnity against the debtor (servant) if the surety (master) has not paid the debt but suit has been filed against him ..." (Emphasis omitted).
*71 Since the Hospital's claim for indemnity is not dependent upon a right of subrogation to Casson's claim against the McLeods, we determine that the principle espoused in Harvey, supra, and its progeny is inapplicable and the Hospital's third party demand for indemnification is not precluded by the Casson-McLeod settlement agreement. See our recent decision in Klumpp v. XYZ Insurance Co., et al, 547 So.2d 391 (La.App. 3rd Cir.1989).
Although we conclude that the trial court erred in granting summary judgment dismissing third party plaintiff's demands, we observe that third party defendants are not adversely affected by our decision. If ultimately the Hospital is found guilty of independent fault, it will not be entitled to indemnity and its right to contribution from the McLeod defendants has been foreclosed, subject to a pro rata reduction of plaintiffs judgment. On the other hand, if ultimately the Hospital is granted indemnity over against the McLeod defendants, the latter including Hartford would be entitled to indemnification from plaintiff, as he contractually agreed to indemnify and hold them harmless against any third party demands or claims that have been filed or may be filed in the future by anyone.
For these reasons, the judgment of the trial court is reversed and it is now ordered that the motion for summary judgment filed by Dr. Edna McLeod, Hartford Fire Insurance Company and McLeod Radiological Services, Inc., seeking dismissal of the third party demand filed by Natchitoches General Hospital is denied and this matter is remanded to the trial court for further proceedings consistent with the views expressed. Costs at the trial level are to await a final disposition of this matter. All costs of this appeal are assessed to Dr. Edna McLeod, McLeod Radiological Services, Inc., and Hartford Fire Insurance Company.
REVERSED AND REMANDED.