**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0267

MICHAEL LEBLANC AND JILL LEBLANC

VERSUS

MICHAEL E. POWERS CONSTRUCTION, INC.
AND XYZ INSURANCE COMPANY

Judgment Rendered: ___**OCT 1 8 2021**___

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 666223

The Honorable Timothy Kelley, Judge Presiding

* * * * *

| | |
|---|---|
| Donna Garbarino Schwab<br>Rose Hurder Carney<br>Baton Rouge, Louisiana | Attorneys for Third-Party Plaintiffs/<br>Appellants,<br>Michael E. Powers Construction, Inc.<br>and Michael E. Powers |
| Jack E. Truitt<br>Covington, Louisiana<br>and<br>Larry M. Roedel<br>Baton Rouge, Louisiana | Attorneys for Third-Party Defendant/<br>Appellee,<br>CKW Construction, LLC |

* * * * *

BEFORE:   GUIDRY, HOLDRIDGE, AND PENZATO, JJ.

**PENZATO, J.**

This is an appeal from a grant of a motion for summary judgment in favor of third-party defendant, CKW Construction, LLC (CKW), and against third-party plaintiffs, Michael E. Powers Construction, Inc., and Michael E. Powers. For the reasons that follow, we reverse the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs, Michael and Jill LeBlanc, originally filed suit against Michael E. Powers Construction, Inc. (Powers Construction), the general contractor of their residence, and subsequently amended the petition, adding Michael E. Powers (Mr. Powers), individually, as a defendant, seeking damages for alleged defects in construction of their residence pursuant to the Louisiana New Home Warranty Act, La. R.S. 9:3141, *et seq.* (New Home Warranty Act). The plaintiffs alleged numerous defects, including but not limited to, installation of defective windows; installation of windows that do not comply with the construction contract; improper installation of windows and resultant damage; improper installation of the roof and/or dormer wood and resultant damage; and improper installation of soffits and vents.

After answering the petition and amended petition, Powers Construction and Mr. Powers (collectively appellants) filed a third-party demand against numerous subcontractors, including CKW. Appellants sought indemnity from all third-party defendants, and specifically alleged that Powers Construction contracted with CKW to provide the labor and materials that are the subject of the instant suit, and specifically, for the installation of the windows. Appellants also alleged that the demand against Powers Construction arose from the substandard performance of CKW. Appellants further maintained that they were entitled to indemnity from CKW, since under the New Home Warranty Act they could be held liable to the

2

plaintiffs for technical, constructive, vicarious or derivative liability, even if they were without fault.

Thereafter, CKW filed a motion for summary judgment against Powers Construction. CKW's motion for summary judgment, memorandum in support of motion for summary judgment, and statement of uncontested facts refers only to Powers Construction. The motion did not seek a dismissal of the claims made by Mr. Powers, individually. On September 21, 2020, the trial court held a hearing on the motion for summary judgment and granted the motion in CKW's favor. The trial court determined that Powers Construction had failed to come forward with any evidence of a defect in the work performed by CKW, finding that the affidavit of Mr. Powers in opposition to the motion for summary judgment was self-serving and insufficient to defeat summary judgment. On October 30, 2020, the trial court signed a judgment dismissing the third-party claims of Powers Construction and Mr. Powers against CKW. It is from this judgment that appellants appeal.

## LAW AND DISCUSSION

### Summary Judgment Standard

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof is on the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual support for one or more

3

elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). If, however, the mover fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the mover is not entitled to summary judgment. *Rivault v. America Homeland, LLC*, 2020-1251 (La. App. 1st Cir. 4/26/21), 2021 WL 1622751, at *2 (unpublished).

A fact is "material" when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. *Tennie v. Farm Bureau Property Insurance Co.*, 2020-1297 (La. App. 1st Cir. 6/4/21), ___So. 3d___, ___, 2021 WL 2283867, at *3. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. *Lafferty v. Vaughn*, 2021-0084 (La. App. 1st Cir. 7/20/21), ___So.3d___, ___, 2021 WL 3046907, at *4. In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Id.*

**CKW's Motion for Summary Judgment**

In the instant case, CKW is the mover, and thus, bears the initial burden of proof on the motion for summary judgment. *See Jones v. Baton Rouge General Medical Center-Bluebonnet*, 2020-1250 (La. App. 1st Cir. 6/4/21), ___ So. 3d ___, ___, 2021 WL 2282631, at *2. However, Powers Construction is the party who will bear the burden of proof at trial to enforce the subcontract agreement between

4

Powers Construction and CKW. *See Louisiana Workers' Compensation Corporation v. B, B & C Associates, LLC*, 2017-1342 (La. App. 1st Cir. 4/9/18), 249 So. 3d 18, 22 (*citing Farmers Insurance Exchange v. Shows*, 2014-1248 (La. App. 1st Cir. 6/5/15), 2015 WL 3545624, at *2 (unpublished) (finding the burden of proof is on the party seeking to enforce an agreement or claiming rights under it)). It is only after the motion has been made and properly supported that the burden shifts to the non-moving party. *Louisiana Workers' Compensation Corporation*, 249 So. 3d at 22 (*citing Neighbors Federal Credit Union v. Anderson*, 2015-1020 (La. App. 1st Cir. 6/3/16), 196 So. 3d 727, 734-35). Accordingly, if the supporting documents submitted by CKW sufficiently resolve all material issues of fact, only then does the burden shift to Powers Construction to present evidence showing that a material fact is still at issue. *See Louisiana Workers' Compensation Corporation*, 249 So. 3d at 22-23.

CKW filed its motion for summary judgment acknowledging that it contracted with Powers Construction to supply labor and materials for the installation of the windows and to perform the framing work for the residence.[1] However, CKW asserts that there is no evidence of any defect in the workmanship or materials supplied by CKW, and therefore, it is entitled to summary judgment. Specifically, CKW claims that "the framing is properly constructed" and Powers Construction has failed to produce any evidence that any "flashing was omitted on any window or door installation." Attached to the motion for summary judgment by CKW are the following: (1) the petition; (2) the first amended petition; (3) appellants' answer and third-party demand; (4) appellants' responses to plaintiffs' request for production of documents; and (5) an affidavit of its expert, a professional engineer, Mr. Kevin Vanderbrook, with several attachments, including Mr. Vanderbrook's

---

[1] It is undisputed that there was no written contract between Powers Construction and CKW.

report; a report by Dr. Jerry Householder, appellants' expert, to appellant's attorney; and the curriculum vitae of Mr. Vanderbrook.

Pursuant to La. C.C. art. 2769 "[i]f an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract." In order to prove liability due to defective workmanship, a party must establish: (1) that a defect exists; (2) that faulty materials or workmanship caused the defects; and (3) the cost associated with the repairs of the defects. *Matherne v. Barnum*, 2011-0827 (La. App. 1st Cir. 3/19/12), 94 So. 3d 782, 789, *writ denied*, 2012-0865 (La. 6/1/12), 90 So. 3d 442. A contractor unquestionably has a right to bring an action against a subcontractor for breach of contract. La. C.C.P. art. 2769; *see Cosman v. Cabrera*, 2009-0265 (La. App. 1st Cir. 10/23/09), 28 So. 3d 1075, 1080 n.5 (even though no written contract between contractor and subcontractor). Implicit in every building contract is the requirement that the work be performed in a good, workmanlike manner, free from defects in material and workmanship. *Cosman*, 28 So. 3d at 1080 n.5.

CKW also maintained that it was entitled to summary judgment on appellants' claim of tort indemnity. CKW asserted that because Powers Construction produced no evidence of an indemnity agreement, Powers Construction was not entitled to any indemnity from CKW. CKW also based its argument on the principles of contribution under La. C.C. art. 2324, rather than indemnity.

The trial court determined that summary judgment was appropriate based on the evidence submitted by CKW finding that the only evidence identifying the work performed by CKW that was deemed deficient by plaintiffs' expert was contained in the affidavit of Mr. Powers, which the trial court ruled was self-serving and insufficient to defeat summary judgment. As to the indemnity claim, the trial court agreed with CKW that Powers Construction was not entitled to indemnity but based

6

its decision on the finding that there was no evidence that CKW was at fault for any of the defects alleged.

**Evidentiary Issues**

### Mr. Power's Affidavit

CKW argues that it is entitled to summary judgment because Mr. Vanderbrook performed an inspection and could find "nothing to substantiate the plaintiffs' claims." CKW admits to performing the framing work for the residence and the window installation, although it asserts that the actual windows were provided by a third party. Mr. Vanderbrook determined that the framing was properly constructed, and there was no evidence or indication that flashing was omitted on any window or door installation. Mr. Vanderbrook denied that the roof of the residence was improperly braced or that there was any improper flashing of the window openings.[2]

Powers Construction filed an opposition thereto containing numerous exhibits, including the September 8, 2020 affidavit of Dr. Householder with his attached September 18, 2019 report. Powers Construction also submitted the affidavit of Mr. Powers. However, CKW objected to the affidavit of Mr. Powers in its reply memorandum in accordance with La. C.C.P. art. 966(D)(2). While the trial court admitted all the evidence submitted by both parties, including the affidavit of Mr. Powers, the trial court refused to consider the affidavit of Mr. Powers based on its reasoning that the affidavit was self-serving and could not be used to defeat summary judgment. Appellants allege that the trial court erred in improperly weighing the credibility of Mr. Powers and refusing to consider his fact-based affidavit as self-serving.

---

[2] While this issue was not assigned as error, CKW appeared to support its motion by refuting the opinions of Michael Stein, plaintiff's expert, while not submitting his report as evidence.

The affidavit of Mr. Powers stated that he had personal knowledge and was competent to testify as to the facts therein. He attested that he was the president of Powers Construction; that Powers Construction entered into a contract with the plaintiffs as the general contractor of a new residence; and that he subcontracted with CKW to provide the framing of the house. As part of the work CKW subcontracted to perform, Mr. Powers attested that CKW installed the roof and/or dormer that plaintiffs alleged was defective, as well as the windows, soffits, and vents at the residence. Mr. Powers indicated that the plaintiffs had alleged defects and/or damage from each of the areas of work he listed as being performed by CKW.

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." La. C.C.P. art. 967(A). Personal knowledge encompasses only those facts that the affiant saw, heard, or perceived with his own senses. *Berard v. L-3 Communications Vertex Aerospace, LLC*, 2009-1202 (La. App. 1st Cir. 2/12/10), 35 So. 3d 334, 349, *writ denied*, 2010-0715 (La. 6/4/10), 38 So. 3d 302. The general rule is that when considering a motion for summary judgment, the trial court cannot "consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Property Insurance Association of Louisiana v. Theriot*, 2009-1152 (La. 3/16/10), 31 So. 3d 1012, 1014 (*quoting Suire v. Lafayette City-Parish Consolidated Government*, 2004-1459 (La. 4/12/05), 907 So. 2d 37, 48).

Affidavits with conclusory allegations of fact which are devoid of specific facts do not satisfy the requirements that a summary judgment be made on personal knowledge. *West v. Hornsby*, 2020-0871 (La. App. 1st Cir. 2/25/21), 2021 WL 734027, at *5 (unpublished). Furthermore, *Fidelity Bank v. Vaughn*, 2019-47 (La. App. 3rd Cir. 6/5/19), 274 So. 3d 91, 97 (quotation omitted), also noted that "[a]ffidavits that are devoid of specific underlying facts to support a conclusion of

8

ultimate 'fact' are not legally sufficient to defeat summary judgment." However, *Fidelity Bank* also recognized that a litigant's self-serving affidavit may satisfy the requirements of La. C.C.P. art. 967 *and* also create a genuine issue of material fact sufficient to defeat a motion for summary judgment. *Id.* at 97-98. Although self-serving in some respects, the relevant affidavit in *Fidelity Bank* contained specific, underlying facts regarding affiant's personal dealings with his partner and the partner's use of certain information. Therefore, the affidavit satisfied the requirements of La. C.C.P. art. 967 and created a genuine issue of material fact. *Id.* at 97-98.

In the present case, we do not find the affidavit of Mr. Powers to be devoid of specific underlying facts. Mr. Powers attested to his personal knowledge as to the responsibilities of CKW pursuant to their agreement and then set forth the scope of those responsibilities. The court in *Williams v. GEICO Casualty Co.*, 2019-541 (La. App. 3rd Cir. 3/18/20), 2020 WL 1428940, at *2 (unpublished), *writ denied*, 2020-00991 (La. 11/4/20), 303 So. 3d 646, held that an affidavit of a witness stating what one party agreed to provide and was responsible for with regard to road construction, even though in conflict with another witness's deposition, did not warrant exclusion of the affidavit, though it did create an issue of fact not properly resolved in summary judgment proceedings. This court in *Lewis v. Busby*, 2005-2242 (La. App. 1st Cir. 9/27/06), 946 So. 2d 665, 669, found that the affidavit of the defendant, "self-serving though it may be, was sufficient to shift the burden of proof to [the plaintiff] to come forth with evidence that would have created a genuine issue of material fact...." In *Thomas v. Dalal*, 2020-65 (La. App. 3rd Cir. 10/28/20), 306 So. 3d 507, 515, the court found that an affidavit was not completely devoid of specific underlying facts that supported the affiant's opinion. Therefore, the court held that that affidavit was sufficient to create a genuine issue of material fact. *Id.* at 516.

9

We find the present case to be similar to the above cited cases. Although the affidavit of Mr. Powers may be self-serving, it contains specific underlying facts as to the scope of the work agreed upon by the parties, and specifically the work CKW agreed to undertake. Therefore, the trial court erred in refusing to consider the affidavit of Mr. Powers.

**Reports of Experts**

Appellants further submit that the trial court erred in permitting CKW to support its motion for summary judgment with the unsworn and unverified report of its own expert, Dr. Householder, by attaching his report to the affidavit of CKW's expert, Mr. Vanderbrook. Appellants claim that because Dr. Householder's report at issue was neither authenticated nor certified, the contents constituted inadmissible hearsay.

In opposition to the motion for summary judgment, Powers Construction filed a pleading entitled "Michael E. Powers Construction, Inc.'s Motion to Strike and Memorandum in Opposition to the Motion for Summary Judgment filed by CKW Construction, LLC[.]" In this pleading, Powers Construction requested the trial court strike the report of Dr. Householder from the summary judgment evidence of CKW, claiming it was improperly relied upon by CKW in violation of La. C.C.P. art. 967(A).

At the summary judgment hearing, appellants' counsel noted that a motion to strike had been filed, which he assumed was denied. The record reflects that the trial court admitted all evidence filed with the pleadings and ruled on the motion for summary judgment but did not rule on the motion to strike the Dr. Householder report from the evidence of CKW.[3] Furthermore, the judgment does not contain a ruling on the motion to strike raised by appellants.

While appellants complain about Mr. Vanderbrook's reliance on Dr. Householder's September 18, 2019 report, we note that appellants submitted the exact same report in opposition to the motion for summary judgment. Dr. Householder attached the September 18, 2019 report to his own affidavit and attested that his findings were set forth in that report. The report of Dr. Householder was properly before the trial court having been submitted by appellants, and therefore, we find their argument in connection therewith to be moot.[4]

**Affidavit of Dr. Householder**

Appellants allege that the trial court improperly "faulted" the September 18, 2019 report of Dr. Householder for failing to identify which work was performed by CKW. In opposition to the motion for summary judgment, appellants submitted the September 8, 2020 affidavit of Dr. Householder with the attached September 18,

---

[3] Under La. C.C.P. art. 966(D)(2), any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state for the record or in writing which documents, if any, it held to be inadmissible or declined to consider. La. C.C.P. art. 966(D)(2).

[4] We also note that while neither party assigned this issue as error, appellants attached the report of Mr. Stein to the affidavit of Dr. Householder in the same manner as done by Mr. Vanderbrook with regard to the report of Dr. Householder. In its reply memorandum, CKW objected to Mr. Stein's report being attached to Dr. Householder's affidavit, but the record does not reflect that the trial court ruled on this objection.

The trial court did not rule on the objection of CKW before rendering judgment. The objection to Mr. Stein's report was not discussed by the trial court and this court cannot determine the extent to which the trial court considered his report. However, neither party appealed or answered the appeal as to this issue. Therefore, the issue of whether the report of Mr. Stein was properly considered has not been raised for review. However, even absent a consideration of Mr. Stein's report by the trial court, CKW is still not entitled to summary judgment. *Compare Shields v. McInnis Brothers Construction, Inc.*, 53,581 (La. App. 2nd Cir. 3/3/21), 314 So. 3d 1079, 1087 n.5.

11

2019 report. While the September 18, 2019 report did not identify the specific work performed by CKW, the September 8, 2020 affidavit does so by referring to the affidavit of Mr. Powers, who did possess personal knowledge of CKW's responsibilities. Dr. Householder's September 8, 2020 affidavit indicates several defects in construction and resultant damage, which based upon his review of Mr. Power's affidavit were the responsibility of CKW. The plaintiffs alleged major structural defects and resultant damage, including an improperly installed roof and/or dormer. With respect to these allegations, Dr. Householder observed plywood that had been damaged by water and two areas of water damage near the soffits. Dr. Householder also indicated that with regard to the plaintiffs' allegations that the soffits and vents were improperly installed, he identified two areas near the soffits that were damaged by water. Dr. Householder noted that the plaintiffs alleged that the floor cavity under the second floor needed to be sealed, and he found this complaint to be well founded. Dr. Householder also indicated that the trim and soffits on the exterior of the house were rotting and determined that there were a few places where the soffit did sag.

On *de novo* review we have previously determined that Mr. Powers's affidavit should have been considered. Mr. Powers stated in his affidavit that CKW was responsible for the improperly installed roof and/or dormer; the improperly installed soffits and vents; and the improperly installed windows. CKW did not offer any specific factual evidence as to the scope of its responsibilities with regard to the residence, other than to admit that it performed the framing work for the residence and to offer Mr. Vanderbrook's denial regarding improper roof bracing and potential improper flashing of windows. CKW submitted no details as to the specifics of the work included in connection with the framing of the house, such as whether the framing included the installation of the soffits and vents and/or the floor cavity under the second floor. The plaintiffs have alleged improper installation of soffits and

12

vents around the home, improper installation of windows and resultant damage, defective windows, structural defects in the home, and improper installation of the roof and/or dormer causing water damage. Dr. Householder's affidavit in combination with the affidavit of Mr. Powers attributes these alleged defects to the work performed by CKW.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. A trial court cannot make credibility decisions on a motion for summary judgment. *Washington v. Guillotte*, 2018-0301 (La. App. 1st Cir. 12/21/18), 268 So. 3d 1048, 1053. In deciding a motion for summary judgment, the trial court must assume that all of the witnesses are credible. *TMI Enterprise, L.L.C. v. Krawdaddy's Deli, LLC*, 2018-0818 (La. App. 1st Cir. 2/25/19), 2019 WL 928059, at *3 (unpublished). Therefore, the trial court erred in accepting the affidavit testimony of Mr. Vanderbrook as to the work performed by CKW without recognizing the conflicting affidavit testimony of Mr. Powers and Dr. Householder, which created a genuine issue of material fact.

On *de novo* review, after considering the affidavit of Mr. Powers in combination with the affidavit of Dr. Householder, there are genuine issues of material fact as to whether defects in the residence were caused by the work performed by CKW. As there are genuine issues of material fact, the trial court erred in granting summary judgment in favor of CKW.

**Tort Indemnity**

In addition to asserting a contractual claim against CKW, appellants also asserted a claim for indemnity pursuant to the New Home Warranty Act. Therefore, we address assignment of error number five that the trial court incorrectly determined

13

that appellants did not plead a valid tortious indemnity case.[5] Appellants allege in their third-party demand that pursuant to the New Home Warranty Act, Powers Construction could be held liable without regard to its fault as "technical, constructive, vicarious, or derivative liability." Powers Construction also claims that if it is found without actual or active fault, CKW is liable by way of indemnity.

The New Home Warranty Act mandates that a builder of a new home warrant to the homeowner specific materials and workmanship and that the home is free from structural defects. La. R.S. 9:3144(A). This includes the work of "any employee, agent, or subcontractor of the builder." La. R.S. 9:3144(B)(6); *see Bynog v. M.R.L., L.L.C.*, 2005-122 (La. App. 3rd Cir. 6/1/05), 903 So. 2d 1197, 1200, *writ denied*, 2005-1792 (La. 1/27/06), 922 So. 2d 551 (contractor sought exemption for defect in material or workmanship of subcontractor, which was denied since a painter was not an unrelated third party).

Under Louisiana law, a party not at fault that incurs liability due solely to the fault of others is entitled to seek recovery from the party at fault for implied or passive indemnity. *Patout v. Underwriters at Lloyd's London*, 2016-879 (La. App. 3rd Cir. 3/1/17), 213 So. 3d 1283, 1285, *writ denied*, 2017-0544 (La. 5/19/17), 221 So. 3d 77. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement. *Nassif v. Sunrise Homes, Inc.*, 98-3193 (La. 6/29/99), 739 So. 2d 183, 185; *McCary v. Oceaneering International, Inc.*, 2017-1163 (La. App. 1st Cir. 2/27/18), 243 So. 3d 613, 616.

Appellants assert that there is an implied indemnity agreement with CKW. An implied contract of indemnity, or tort indemnity, arises only when the fault of the person seeking indemnification is solely constructive or derivative and may only be had against one who, because of his act, has caused such constructive liability to be

---

[5] As previously noted, the trial court found that Powers Construction was not entitled to indemnity based upon its finding that CKW was not at fault for any of the defects alleged.

14

imposed. *See Nassif*, 739 So. 2d at 185. Implied indemnity "has been allowed a contractor from his subcontractor and/or supplier, so long as the exclusive fault producing liability has been that of such subcontractor and/or supplier." *Bewley Furniture Co., Inc. v. Maryland Casualty Co.*, 285 So. 2d 216, 219 (La. 1973) (finding contractor liability arose from design defects and installation by subcontractor and supplier). Thus, because the party seeking indemnification must be without fault, a weighing of the relative fault of tortfeasors has no place in the concept of indemnity. *Nassif*, 739 So. 2d at 185. A party who is actually negligent or actually at fault cannot recover tort indemnity. *Hamway v. Braud*, 2001-2364 (La. App. 1st Cir. 11/8/02), 838 So. 2d 803, 806. The indemnity of a contractor from his subcontractor applies only when the exclusive fault producing liability is the conduct of the subcontractor. *Wilkinson v. Landreneau*, 525 So. 2d 617, 620 (La. App. 3rd Cir. 1988) (finding after a trial that the subcontractor was the party free from fault).

CKW argues on appeal that Powers Construction made no affirmative showing that CKW performed all of the defective work, and therefore, Powers Construction is not entitled to indemnification.[6] CKW argues that it would only owe indemnity if it is 100% at fault and Powers Construction is free from fault but found liable to the

---

[6] CKW seems to have abandoned the argument it made at the trial court level that pursuant to the comparative fault statute, La. C.C. art. 2324, a tortfeasor is liable only for the damages attributable to his degree of fault. Contribution and indemnity are different legal tenets. One guilty of fault is not due indemnity. *Casson v. Hartford Fire Ins. Co.*, 548 So. 2d 66, 70 (La. App. 3rd Cir. 1989). "Indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to one primarily responsible for the act that caused the damage ... Contribution apportions the loss among joint tortfeasors and requires each to pay his virile share of the damages that result from the wrong." *Casson*, 548 So. 2d at 70 (*quoting Green v. Taca International Airlines*, 304 So. 2d 357 (La. 1974)).

Furthermore, CKW's reliance on *Paragon Lofts Condominium Owners Association, Inc. v. Paragon Lofts, L.L.C.*, 2009-0943 (La. App. 4th Cir. 2/10/10), 32 So. 3d 303, 307-08, was misplaced. *Paragon* held that a contractor was precluded from recovery for tort indemnity from a supplier as a matter of law because the contractor admitted in a deposition that he deviated from the plans and specifications for the installation of the material, and thus, could not be found free from fault. After the court determined that the contractor was not free from fault and could not seek indemnity from a subcontractor, the court discussed the contribution claim of the contractor. The court established that after the 1996 amendment to La. C.C. art. 2324 liability among non-intentional tortfeasors was assessed by each tortfeasors' own portion of fault, and there is no longer contribution among solidary obligors. *Paragon*, 32 So. 3d at 309. Appellants seek indemnification, not contribution.

15

plaintiffs due to the New Home Warranty Act. CKW submitted no evidence with regard to Powers Construction's fault in connection with its motion for summary judgment.

CKW has the burden on its motion for summary judgment to show that there was no genuine issue of material fact that the accident was caused by some fault of Powers Construction. *See Ponder v. SDT Waste & Debris Services, L.L.C.*, 2015-1656 (La. App. 1st Cir. 8/16/17), 2017 WL 3498159, at \*6 (unpublished) (finding that since restaurant owner claimed it owed no tort indemnity because the accident was caused by the negligence of the dumpster owner, it was the restaurant's burden on its motion for summary judgment to show that there was no genuine issue of material fact that the accident at issue was caused solely by the dumpster owner's negligence).

Louisiana Code of Civil Procedure article 966(D)(1) permits a mover, third-party defendant in this case, to "point out" the absence of factual support for one or more essential elements of a claim. However, the burden of proof is not shifted to the non-mover, third-party defendant herein, until CKW properly supported its motion and carried its initial burden of proof with regard to the indemnity claim. The jurisprudence has held that the mover does not carry his initial burden of proof when he simply points out by motion or brief that there is a lack of factual support for an essential element of plaintiff's claim. *Broussard v. Blount*, 2020-544 (La. App. 3rd Cir. 5/5/21), 319 So. 3d 389, 393-94 (*citing Sheppard v. City of Baton Rouge*, 2002-2421 (La. App. 1st Cir. 9/17/04), 897 So. 2d 25, 30, *writ denied*, 2004-2566 (La. 1/14/05), 889 So. 2d 268). A mover who does not support his motion with any affidavits, depositions, or other evidence to point out the alleged lack of support for this element of the plaintiff's case or identify those portions of the pleadings that he believes demonstrates the absence of a genuine issue of material fact does not meet his initial burden of proof. *Broussard*, 319 So. 3d at 394 (*citing Pugh v. St.*

16

*Tammany Parish School Board*, 2007-1856 (La. App. 1st Cir. 8/21/08), 994 So. 2d 95, 98, *writ denied*, 2008-2316 (La. 11/21/08), 996 So. 2d 1113).

In the present case, there has been no summary judgment evidence presented establishing the fault of Powers Construction. Besides the petition, first amended petition, and answer and third-party demand, CKW submitted Powers Construction's responses to requests for production of documents, with attachments of the supplier of the windows and CKW's invoices for labor. CKW also submitted the affidavit of Mr. Vanderbrook with several attachments. However, none of these documents address the fault of Powers Construction. No evidence was submitted by CKW regarding the obligations of each party, other than CKW's statements that it performed the framing and window installation. While CKW presents argument in its brief concerning the obligations of Powers Construction, argument of counsel and briefs, no matter how artful, are not evidence. *Seale & Ross, P.L.C. v. Holder*, 2019-1487 (La. App. 1st Cir. 8/3/20), 310 So. 3d 195, 204. Although CKW relied on *Paragon* at the trial court level, that case is distinguishable from the instant case where there has been no evidence of fault. In *Paragon*, the contractor admitted in deposition testimony to deviating from certain plans and specifications. Thus, the court determined the contractor was not free from fault. *Paragon*, 32 So. 3d at 307-08. No such finding has been made as to fault in the present case.

Furthermore, in the present case, the basis of plaintiffs' theory of recovery against appellants is the New Home Warranty Act. Appellants have alleged in its third-party demand against CKW that due to the mandatory warranty, it may be liable for "technical, constructive, vicarious or derivative liability." Hence it is possible that appellants will be found to be technically liable for the acts of CKW, but entirely without fault. *See Klumpp v. XYZ Ins. Co.*, 547 So. 2d 391, 395, (La. App. 3rd Cir.), *writ denied*, 551 So. 2d 1322 (La. 1989); *Shuff v. Southern Silica of Louisiana*, 626 So. 2d 541, 543 (La. 3rd Cir. 1993). Whether CKW is entirely at

17

fault, and appellants are due indemnity, or whether appellants have some fault and are not due indemnity, is a genuine issue of material facts.

Because CKW has failed to introduce evidence to establish that Powers Construction bears some fault, rendering Powers Construction unable to seek tort indemnity, CKW has not sustained it burden of proof on summary judgment. Therefore, there remains a genuine issue of material fact as to whether Powers Construction is free from fault and entitled to tort indemnity.

**Summary Judgment Against Michael E. Powers**

Appellants assert in assignment of error number six that the trial court erred in granting summary judgment against Mr. Powers, individually, when the motion for summary judgment was brought against Powers Construction only. Appellants are correct. The motion for summary judgment claims that CKW is "entitled to the dismissal of Michael E. Powers Construction, Inc.'s Third-Party Demand against it, with prejudice, and at Powers' cost." The motion does not mention Mr. Powers in his individual capacity.

Louisiana Code of Civil Procedure article 966(F) makes clear that a "summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." *Pontchartrain Natural Gas System v. Texas Brine Co., LLC*, 2018-0254 (La. App. 1st Cir. 12/12/19), 293 So. 3d 1157, 1160, *writ denied,* 2020-00334 (La. 6/22/20), 297 So. 3d 762. As the motion for summary judgment did not assert CKW's entitlement to summary judgment against Mr. Powers, individually, the trial court erred in rendering a judgment granting summary judgment against Mr. Powers and dismissing his third-party plaintiff claims.

## CONCLUSION

For the reasons set forth above, the October 30, 2020 judgment of the trial court granting summary judgment in favor of third-party defendant, CKW

18

Construction, LLC, and against third-party plaintiffs, Michael E. Powers Construction, Inc. and Michael E. Powers, is reversed. All costs of this appeal are assessed against CKW Construction, LLC.

**REVERSED.**